IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ELINDA J. STRIBLING                                                                 PLAINTIFF

VS.                                     4:08CV00596JMM

ARKANSAS STATE HOSPITAL                                                DEFENDANT

## ORDER

Pending is Defendant's motion to dismiss, docket # 24.  Plaintiff has filed a response. For the reasons set forth herein, Defendant's motion is denied.

Dismissal is proper where the plaintiff's complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). At this stage of the litigation, the Court must accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S.Ct. 1955, 1964-65 (2007).  The plaintiff need not provide specific facts in support of their allegations, *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. *Twombly*, 127 S.Ct. at 1964-65 & n. 3.

Plaintiff filed this Title VII complaint *pro se* on July 11, 2008.  Plaintiff was granted leave to amend her complaint on September 9, 2008.  Plaintiff's amended complaint alleges that she was subjected to harassment, different terms and conditions of employment and retaliation. She states that she was sexually and physically assaulted by a patient and her injuries were ignored by her supervisors, she was denied proper care and treatment and workers compensation benefits.  Plaintiff asserts that white co-workers who are injured on the job by sexually and

physically aggressive patients are not treated in the same manner. Plaintiff attached thirty-eight pages of exhibits to her original complaint which contain a copy of the discrimination charge she filed with the Equal Employment Opportunity Commission. The charge reflects that she was sexually assaulted by a patient on March 10, 2008. She reported the assault to management, but the incident was not documented, she was not afforded emergency medical care, she was denied workman's compensation forms and she was harassed about returning to work. Her exhibits include: a letter to "Ms. Akers" from Plaintiff detailing her complaints about how the Defendant treated her after the assault; Defendant's incident report and supporting documentation and witness statements; Plaintiff's handwritten statement regarding the incident; documentation supporting her successful pursuit of workers' compensation benefits; and her request for leave under the Family Medical Leave Act.

Defendant argues that Plaintiff's complaint fails to state facts which demonstrate jurisdiction and venue or show that she is entitled to relief. Defendant asks the Court to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

The Court must take a plaintiff's well-pleaded allegations as true and grant all reasonable inferences in favor of the plaintiff. *Stufflebeam v. Harris*, 521 F.3d 884, 886 (8th Cir. 2008). This is especially true when the plaintiff is proceeding *pro se. See Atkinson v. Bohn*, 91 F.3d 1127, 1128-29 (8th Cir.1996) (per curiam). Additionally, the Court must consider all materials attached to Plaintiff's Complaint when considering a motion to dismiss. *See Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir.2002). Applying this standard, the Court finds that Plaintiff's complaint includes sufficient factual information to provide the grounds on which her claims rest and raise a right to relief above a speculative level.

2

Accordingly, Defendant's motion to dismiss, docket # 24 is denied.

IT IS SO ORDERED this 11th day of December, 2008.

_____
James M. Moody
United States District Judge