IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ELINDA J. STRIBLING                                                              PLAINTIFF

VS.                                        4:08CV00596JMM

ARKANSAS STATE HOSPITAL                                              DEFENDANT

## ORDER

Pending is Defendant's motion for summary judgment. (Docket # 63). Plaintiff has filed a response. For the reasons set forth herein, Defendant's motion is granted in part and denied in part.

Facts

Plaintiff filed this Title VII complaint *pro se* on July 11, 2008. Plaintiff was granted leave to amend her complaint on September 9, 2008. Plaintiff's amended complaint alleges race discrimination and asserts that she was subjected to harassment, different terms and conditions of employment and retaliation. She states that she was sexually and physically assaulted by a patient and her injuries were ignored by her supervisors, she was denied proper care and treatment and Worker's Compensation benefits. Plaintiff asserts that white co-workers who are injured on the job by sexually and physically aggressive patients are not treated in the same manner. Plaintiff attached thirty-eight pages of exhibits to her original complaint which contain a copy of the discrimination charge she filed with the Equal Employment Opportunity Commission. The charge reflects that she was sexually assaulted by a patient on March 10, 2008. She reported the assault to management, but the incident was not documented, she was not afforded emergency medical care, she was denied Worker's Compensation forms and she was harassed about returning to work. Her exhibits include: a letter to "Ms. Akers" from Plaintiff

detailing her complaints about how the Defendant treated her after the assault; Defendant's incident report and supporting documentation and witness statements; Plaintiff's handwritten statement regarding the incident; documentation supporting her successful pursuit of Worker's Compensation benefits; and her request for leave under the Family Medical Leave Act. Plaintiff's original complaint includes both gender and race discrimination claims.

Plaintiff's response to the pending motion includes her sworn affidavit. In her affidavit, Plaintiff claims that she was terminated on July 2, 2009, while still under the care of a physician and not released by that physician to return to work. Plaintiff claims that other employees who were male and caucasian, were able to maintain their employment until released to return to work by their doctors. Plaintiff again claims to have been treated differently because of her gender and race.

Defendant claims that following the assault on March 10, 2008, Plaintiff received medical attention for any injuries she may have suffered; she applied for and received Worker's Compensation benefits; she was granted leave pursuant to the Family Medical Leave Act; and, throughout her treatment, counseling and receipt of benefits and leave time, Plaintiff remained employed by the State Hospital. Defendant claims that law enforcement authorities were notified and a report was filed following the assault and that it handled the assault of Plaintiff in the same manner as it handled similar assaults against other employees.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial

courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Discussion

Plaintiff's original complaint alleges that the Defendant subjected her to retaliation,

harassment and different terms and conditions of employment on the basis of her race and sex. Plaintiff's amended complaint omits her claim of gender discrimination. Because of the liberal construction rule afforded *pro se* pleadings, the Court will consider Plaintiff's gender discrimination as part of her claims. *See, Shannon v. Ford Motor Co.* 72 F.3d 678, 685 (8th Cir. 1996).

In order to proceed on any of her claims, Plaintiff is required to have exhausted her administrative remedies by filing a charge of discrimination with the EEOC and receiving a notice of right to sue. Plaintiff filed a formal charge of discrimination with the EEOC on April 14, 2008 and received her notice of right to sue on April 21, 2008. The EEOC allowed Plaintiff to pursue those claims alleged in her charge relating to gender discrimination, harassment and retaliation. Plaintiff's charge alleged that she was subjected to different terms and conditions of employment based upon her sex and after reporting harassment she was retaliated against. Plaintiff did not include a claim for race discrimination in her initial charge to the EEOC. Accordingly, the Court must dismiss this claim. *Pointer v. Missouri Dept. Of Corrections*, 105 Fed. Appx. 120,121(8th Cir. 2004)( "Although charges of discrimination filed by *pro se* litigants are to be liberally construed, such liberality does not permit the consideration of a claim that was simply never raised.")

To establish a *prima facie* case of gender discrimination, the following elements must be proved by Plaintiff:

(1)  Plaintiff was a member of a protected group;
(2)  Plaintiff was meeting the legitimate expectations of her employer;
(3)  Plaintiff suffered an adverse employment action; and
(4)  similarly situated employees, who are not members of the protected group were treated differently.

*Clark v. Runyon,* 218 F.3d 915 (8th Cir. 2000).

Once a *prima facie* case is established, a rebuttable presumption of discrimination arises and the burden then shifts to the employer to articulate a legitimate nondiscriminatory business reason for its actions. *McDonnell Douglas Corp.v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817 (1973). Once such a reason is produced, "the presumption disappears and the [plaintiff] bears the burden of proving that the proffered reason was pretextual and the real reason for the [adverse employment action] was discrimination." *Thomas v. First Nat'l Bank,* 111 F.3d 64 (8th Cir. 1997).

Plaintiff also asserts a retaliation claim. In order to establish a prima facie case of retaliation, Plaintiff must be able to show that she engaged in protected activity, that an adverse employment action occurred, and that there was a causal connection between the two. *Hoffman v. Rubin*, 193 F.3d 959 (8th Cir. 1999).

The adverse personnel action contemplated by Title VII is that which materially alters the terms or conditions of the Plaintiff's employment. *Ledergerber v. Stangler*, 122 F.3d 1142, 1144-45 (8th Cir. 1997). "Termination, reduction in pay or benefits, and changes in employment that significantly affect an employee's future career prospects meet this standard but minor changes in working conditions that merely inconvenience an employee or alter an employee's work responsibilities do not." *Spears v. Missouri Dept. of Corrections & Human Resources*, 210 F.3d 850, 853 (8th Cir. 2000)(citations omitted).

Plaintiff claims that she was harassed based upon her sex. In order to succeed on a hostile work environment claim, Plaintiff must show: (1) she is a member of a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on sex; (4) the

harassment affected a term, condition or privilege of employment.  *Carter v. Chrysler Corp.,* 173 F. 3d 693, 700 (8th Cir. 1999).  For the purposes of hostile work environment, the discriminatory harassment must be so "severe or pervasive as to alter the conditions of the [Plaintiff's] employment and create an abusive working environment."  *Faragher v. City of Boca Raton*, 524 U.S. 775, 776 (1998).

The Court finds that Plaintiff has presented sufficient evidence to preclude the entry of summary judgment on these claims.  Plaintiff has offered evidence that she was treated differently than male employees and was continually required to perform employment functions in a manner inconsistent with Defendant's policies and different than required by other employees.  Further, Plaintiff states that she was retaliated against after she reported the disparate treatment and was eventually discharged because the Defendant was insisting that she return to work despite medical care provider's documentation that she was unable to return to work at that time.

Wherefore, Defendant's motion for summary judgment is granted in part and denied in part.  Plaintiff's claim of race discrimination is dismissed.  Plaintiff's Title VII claims for gender discrimination, harassment and retaliation remain.

IT IS SO ORDERED this 20th day of January, 2010.

_____
James M. Moody
United States District Judge