IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ELINDA J. STRIBLING                                                                                   PLAINTIFF

V.                                      NO.  4:08cv00596 JMM

ARKANSAS STATE HOSPITAL                                                                DEFENDANT

## ORDER

On July 28, 2010, Plaintiff filed a *pro se* motion for appointment of new counsel, for extension of time in which to respond to discovery, and for a new trial date and scheduling order (doc. 101).  The motion has been referred for disposition (doc. 102).

Similarly to a *pro se* motion filed on June 21, 2010 (doc. 97), Plaintiff contends that "she has not been able to talk with said counsel either by telephone, in person, or visitation to his office," that counsel did not mail her a copy of the Court's June 30 order granting an extension of time to respond to discovery (doc. 100), that she desires new counsel who will provide "proper legal aid and due process representation," and that she should be given extra time to respond to Defendant's outstanding discovery requests.

In reply (doc. 104), counsel submits copies of a June 19 letter sending Plaintiff the discovery requests at issue (doc. 104-1), a July 7 letter notifying her of the extended deadline for responding, as granted by the Court's June 30 order (doc. 104-2), and an e-mail providing Defendant's counsel with the discovery responses on July 30, within the deadline (doc. 104-3).  Counsel says he has met with Plaintiff several times and has talked with witnesses to prepare for trial.  Counsel says he has not obtained cooperation from Plaintiff, but is willing to meet with her and continue representation despite her

dissatisfaction. The docket sheet shows that counsel has filed a number of pleadings on her behalf (docs. 75, 76, 82, 88, 89, 96).

This record demonstrates that counsel has diligently and competently represented Plaintiff since his appointment one year ago. As explained in the order appointing counsel (doc. 70), Plaintiff should understand that her appointed attorney has other clients as well and may not be immediately available each time she wishes to call. This does not mean he is neglecting her case; in fact, counsel's letter and the docket sheet confirm that he is familiar with the case and has not neglected her interests. The Court appreciates counsel's willingness to continue representing Plaintiff and his desire to arrive at an amicable working relationship. Plaintiff is advised to cooperate with counsel and to follow his advice in preparing for trial. This is the second appointed attorney with whom Plaintiff has been dissatisfied (*see* doc. 65). Appointing new counsel at this point would be inefficient and would result in further delay. Should further problems arise, the Court may well decline to appoint another attorney, instead requiring Plaintiff to represent herself.

Plaintiff's motion (doc. 101) is **denied**.

The Clerk of the Court is requested to provide a copy of this order to Plaintiff at 15509 Capitol Hill Blvd., Apt. 426, Little Rock, AR 72210.

IT IS SO ORDERED this 17th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE