IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ELINDA J. STRIBLING                                                                PLAINTIFF

VS.                                       4:08CV00596JMM

ARKANSAS STATE HOSPITAL                                                DEFENDANT

### ORDER

Pending is Defendant's motion for sanctions. (Docket # 126). Plaintiff failed to file a timely response. On January 12, 2010, the Court entered a Show Cause Order directing Plaintiff to file and respond to the Court on or before January 22, 2011, to show cause why she had not responded to the pending motion. Plaintiff failed to respond to the Court's Order.

Pursuant to Fed. R. Civ. P. 37(b)(2) a district court may dismiss an action as sanctions for failure to comply with discovery orders if there is an order compelling discovery, it is willfully violated, and the other party is prejudiced. *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009). Defendant's motion for sanctions demonstrates that Plaintiff failed to attend her deposition on two occasions after proper service upon her; she failed to fully and completely answer interrogatories after having been ordered by the Court to do so; and, she failed to produce the documents previously requested or to allow inspection and copying of the documents after having been ordered by the Court to do so.

On April 21, 2010, Defendant forwarded Plaintiff its first interrogatories and requests for production of documents. Thereafter, on June 9, 2010, Defendant filed a motion to compel responses to discovery. Plaintiff responded to the motion both through appointed counsel and *pro se*. In her *pro se* response, Plaintiff requested appointment of new counsel. Plaintiff's *pro se* motion was denied on June 28, 2010. On June 30, 2010, the Court denied the Defendant's

motion to compel without prejudice and granted Plaintiff an extension of time in which to respond to the discovery.

On July 28, 2010, Plaintiff filed a renewed motion for appointment of counsel. United States Magistrate Judge Jerry Cavaneau directed Plaintiff's appointed counsel to respond to Plaintiff's *pro se* motion. On August 17, 2010 the Court entered an Order denying Plaintiff's motion finding that her appointed counsel had diligently and competently represented her. The Court cautioned the Plaintiff that she should cooperate with counsel noting that this was the second appointed attorney with whom Plaintiff had been dissatisfied.

On September 10, 2010, Defendant filed another motion to compel, complaining that the discovery responses received from Plaintiff were unsigned and unresponsive. Defendant also complained that Plaintiff failed to attend her properly noticed deposition. The Court set the matter for hearing on October 13, 2010. On October 12, 2010, the Court received Plaintiff's *pro se* response to the motion to compel stating that she would not be able to attend the scheduled hearing.

Plaintiff's appointed counsel and counsel for Defendant appeared at the hearing. Following argument of counsel the Court relieved Plaintiff's appointed counsel; granted Defendant's motion to compel; directed the Plaintiff to provide full and complete responses to the outstanding discovery requests on or before October 27, 2010; and directed Plaintiff to appear for deposition at a mutually convenient date and time before November 15, 2010. The Court cautioned the Plaintiff that "failure to comply with this or any order of the Court may result in sanctions being imposed including the dismissal of this action."

Following the entry of this Order, Plaintiff failed to appear for her properly noticed

deposition on November 9, 2010.  Further, although the Court granted Plaintiff an extension of time in which to file her discovery responses, Plaintiff failed to provide full and complete responses in compliance with the Court's Order.

The Court finds that Plaintiff's failure to attend her depositions and failure to provide complete discovery responses as ordered by the Court demonstrates willful noncompliance with the Orders of this Court. Defendant has demonstrated prejudice as it is completely unable to prepare for trial and to defend against Plaintiff's allegations without Plaintiff's participation in the discovery process.

For these reasons, the Court finds and Orders that the sanction of dismissal, although extraordinary, is warranted by the facts of this case.  Accordingly, based upon Plaintiff's willful refusal to comply with the Order's of the Court, Plaintiff's case is hereby dismissed.

IT IS SO ORDERED this 2nd day of February, 2011.

James M. Moody
United States District Judge